**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **THE J. M. SMUCKER COMPANY,** an Ohio corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**SHENZHEN LANGZHITU TECHNOLOGY CO., LTD.**, a Chinese corporation, and **JOHN DOES 1-10**, individually or as corporations/business entities,<br><br>　　　　　Defendants. | Case No. 23-cv-02148<br><br>Judge _____<br><br>Magistrate Judge _____<br><br>Jury Trial Demanded |

**COMPLAINT FOR DAMAGES, INJUNCTIVE, AND OTHER RELIEF FOR**
**VIOLATION OF 15 U.S.C §§ 1114, 1125(A), 1125(C), AND RELATED STATE CLAIMS**

Plaintiff The J. M. Smucker Company ("Plaintiff" or "Smucker") brings this action against Defendants Shenzhen Langzhitu Technology Co., Ltd. and John Does 1-10 (collectively, "Defendants") for: (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); (4) violation of the Illinois Uniform Deceptive Trade Practices Act; and (5) common law trademark infringement. These claims arise from Defendants' misappropriation of Plaintiff's trademarks in connection with Defendants' unlawful use on the Internet of Plaintiff's trademarks in the advertisement and sale of products. In support of its complaint, Plaintiff alleges as follows:

**PARTIES**

1.　　　Plaintiff The J. M. Smucker Company is a corporation, organized under the laws of Ohio, with its principal place of business in Orrville, Ohio.

2.      Shenzhen Langzhitu Technology Co., Ltd. ("Langzhitu") is a corporation organized under the laws of China.  Langzhitu operates or assists in the operation of an online storefront on the United States-based website www.amazon.com ("Amazon") that is currently called "YUMKT" (the "YUMKT Storefront").  The YUMKT Storefront can be accessed at https://www.amazon.com//sp?seller=ANAFVAHRB22FI.  Langzhitu does business throughout the United States through the YUMKT Storefront, including in Illinois.

3.      The YUMKT Storefront provides that the "Business Name" of the operator of the storefront is "shenzhenshilangzhitukejifazhanyouxiangongsi."  The "Business Address" displayed on the YUMKT Storefront is written in Chinese characters, but input into a translating software translates to:  "Nanchang No. 2, Industrial Zone, Xixiang St., Bao'an, Dist. A, F/2, BLK B, East Area, Shenzhen, 51800, China" (the "Nanchang Address").

4.      On information and belief, Langzhitu operates or assists in the operation of another storefront on Amazon that is currently called "Tribe Glare."  (the "Tribe Glare Storefront").  The Tribe Glare Storefront can be accessed at https://www.amazon.com//sp?seller=A2QDND68TRGKFJ.  Langzhitu does business throughout the United States through the Tribe Glare Storefront, including in Illinois.

5.      It is common for third-party sellers on Amazon to operate multiple storefronts, and for these to storefronts sell many or all of the same products to increase revenue and ensure consistency of sales.  On information and belief, the YUMKT Storefront is Langzhitu's primary storefront and was created in 2020, while the Tribe Glare Storefront is Langzhitu's secondary storefront and was created in 2021 as a backup storefront.

6.      As of the time of filing, Defendants' YUMKT Storefront is called "YUMKT" and their Tribe Glare Storefront is called "Tribe Glare."  Amazon allows storefront operators to change

the names of their storefronts, but every storefront on Amazon is assigned a "Merchant ID number" that does not change over time, even if the formal "name" of a storefront is changed. The Merchant ID number for Defendants' YUMKT Storefront is ANAFVAHRB22FI. Even if Defendants change the name of their YUMKT Storefront at some time in the future, their storefront can always be accessed at the following link that includes the storefront's Merchant ID number: https://www.amazon.com//sp?seller=ANAFVAHRB22FI. The Merchant ID number for Defendants' Tribe Glare Storefront is A2QDND68TRGKFJ. Even if Defendants change the name of their Tribe Glare Storefront at any time, their storefront can always be accessed at: https://www.amazon.com//sp?seller=A2QDND68TRGKFJ.

7.     Plaintiff believes that other individuals or entities may be responsible for the events and occurrences referred to herein or be otherwise interested in the outcome of the dispute. The true names, involvement, and capacities, whether individual, corporate, associated, or otherwise of these individuals or entities are unknown to Plaintiff. Therefore, Plaintiff sues these defendants by the fictitious names John Does 1 through 10. When the true names, involvement, and capacities of these parties are ascertained, Plaintiff will seek leave to amend this Complaint accordingly. If Plaintiff does not identify any such parties, it will dismiss these defendants from this action.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367. Plaintiff's federal claims are predicated on 15 U.S.C. §§ 1114 and 1125, and its claims arising under the laws of the State of Illinois are substantially related to its federal claims such that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court has personal jurisdiction over Defendants under Federal Rule of Civil Procedure 4(k)(2) and the Due Process Clause because Defendants are not subject to jurisdiction in any state's courts of general jurisdiction, and Defendants directly target business activities toward consumers in the United States, including Illinois, through one or more fully interactive, e-commerce websites based in the United States.  Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and advertise and regularly sell products to consumers in Illinois on infringing product listings using Plaintiff's federally registered trademarks.  Defendants are committing tortious acts in Illinois, engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.  Plaintiff's claims arise out of Defendants' sales of products to United States residents, including Illinois residents, and arise under federal law.

10.     Additionally, venue is properly found in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTUAL ALLEGATIONS

### Plaintiff and Its Trademarks

11.     Plaintiff is a leading consumer packaged goods company that makes great tasting, convenient, and responsibly produced food.  For more than 125 years, Plaintiff has maintained a commitment to meeting the highest standards of quality for its products.  As a result, the general public has come to associate high-quality goods with Plaintiff's trademarks.

4

12.     For more than 20 years, Plaintiff has been manufacturing and selling high-quality sandwiches under the brand name "Uncrustables," using trade dress that consists of a round crustless sandwich,  examples of which are depicted in the images below:





13.     To protect its Uncrustables brand and trade dress, Plaintiff has acquired rights to and registered numerous trademarks with the United States Patent and Trademark Office (USPTO), including, but not limited to:  UNCRUSTABLES (U.S. Trademark Registration Nos.

2473056 and 6824295); configuration in a round pie-like shape with distinct peripheral undulated crimping (U.S. Trademark Registration No. 2623577)



;

Pictorial representation of a round crustless sandwich (U.S. Trademark Registration No. 2883529)



;

and a two-dimensional pictorial representation of a round crustless sandwich with a bite taken out showing filling on the inside (U.S. Trademark Registration No. 5941408) (collectively, the "Uncrustables Design Trademarks")



.

14.     Plaintiff first registered its UNCRUSTABLES trademark in 2001 and has been continuously using its UNCRUSTABLES trademark in commerce to market, advertise, and sell its Uncrustables products since as early as 1996.

15.     Plaintiff registered its Uncrustables Design Trademark with Registration No. 2623577 in 2002, with Registration No. 2883529 in 2004, and with Registration No. 5941408 in

2019. Plaintiff has been continuously using all of the Uncrustables Design Trademarks in commerce to market, advertise, and sell its Uncrustables products since as early as 2000.

16.     The registration for each of the UNCRUSTABLES trademark and the Uncrustables Design Trademarks is valid, subsisting, and in full force and effect.

17.     Pursuant to 15 U.S.C. § 1065, the registrations for the UNCRUSTABLES trademark and Uncrustables Design Trademarks are conclusive evidence of Plaintiff's ownership of the trademarks and Plaintiff's exclusive right to use and direct the use of the trademarks in commerce and in connection with the sale and distribution of Smucker Products identified in the registrations, as provided by 15 U.S.C. § 1115(b). Further, Plaintiff's Registration Nos. 2473056, 2623577, and 2883529 for the UNCRUSTABLES trademark, product configuration, and pictorial representation of a round crustless sandwich have become incontestable under 15 U.S.C. § 1065.

18.     Since 1996, Uncrustables sandwiches have gained widespread popularity with many types of consumers from athletes to first responders, and particularly among parents and their children because they provide a no prep, no mess option for the lunchbox or on-the-go snacking. Indeed, Uncrustables sandwiches are sold in thousands of retail stores and school lunchrooms across the country.

19.     Uncrustables is now the leading brand in the frozen-handheld category. In 2022, Plaintiff made more than a billion sandwiches and had sales of over $500 million. Plaintiff recently announced plans to build a third manufacturing facility to keep up with the growing demand for its Uncrustables sandwiches.

20.     By popular demand, Uncrustables sandwiches come in multiple flavors and varieties including the UNCRUSTABLES Chocolate Flavored Hazelnut Spread Sandwich; the UNCRUSTABLES Reduced Sugar Peanut Butter & Strawberry Spread Sandwich on Wheat; the

7

UNCRUSTABLES Peanut Butter & Honey Spread Sandwich; the UNCRUSTABLES Peanut Butter & Strawberry Jam Sandwich; the UNCRUSTABLES Peanut Butter & Grape Jelly Sandwich; and the UNCRUSTABLES Reduced Sugar Peanut Butter & Grape Spread Sandwich on Wheat.

21.    Plaintiff devotes a significant amount of time, energy, and resources toward protecting the value of its Uncrustables brand and products.

22.    As a result of Plaintiff's consistent and widespread use on packaging and marketing materials, the UNCRUSTABLES trademark and Uncrustables Design Trademarks have become an immediately recognizable feature associated with Plaintiff's high-quality sandwiches.  For example, Plaintiff uses the UNCRUSTABLES trademark and Uncrustables Design Trademarks to market its Uncrustables sandwiches on social media, online product advertisements, print advertisements, in-store advertisements, and webpages.  Examples of these advertisements are set forth below:







23.     Plaintiff also uses its UNCRUSTABLES trademark in commerce to identify Uncrustables products in the domain name for these products, www.smuckersuncrustables.com (the "Uncrustables Website"), and through the use of its banner on its website bearing the UNCRUSTABLES trademark, as shown in the example screenshot below.  Indeed, Plaintiff's UNCRUSTABLES trademark is on the banner of every page of the Uncrustables Website.



24.     Plaintiff actively uses, advertises, and markets the UNCRUSTABLES trademark and Uncrustables Design Trademarks in commerce throughout the United States.

25.     As a result of Plaintiff's time and effort in promoting its UNCRUSTABLES trademark and trade dress, Plaintiff's customers, competitors, consumers and the general public have come to associate Plaintiff's high-quality sandwiches with the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

26.     For all of these reasons, the UNCRUSTABLES trademark and Uncrustables Design Trademarks are famous and have enormous value.

**Identification of Defendants and Their Sale of Products Using Plaintiff's Trademarks on Amazon Without Authorization**

27.     To promote and protect its brands and the value of its trademarks, Plaintiff actively monitors the marketplace for the unauthorized use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks by others.

28.     In the course of this monitoring, Plaintiff discovered a high volume of product listings on Amazon for a sandwich cutter product that purports to cut the crust off of sandwiches and seal the edges of the sandwiches so that they look like Plaintiff's Uncrustables sandwiches.

29.     Through further investigation, Plaintiff discovered that there are more than 500 product listings on Amazon for sandwich cutters and that these listings generate, in total, ***millions*** of dollars in estimated monthly revenue for sellers who sell sandwich cutters on the listings.

30.     Based on Plaintiff's monitoring, approximately 260 of these listings display Plaintiff's UNCRUSTABLES trademark without authorization from Plaintiff (the "Infringing Listings"). The majority of the Infringing Listings also display Plaintiff's Uncrustables Design Trademarks in addition to the UNCRUSTABLES trademark, without authorization from Plaintiff.

31.     The other approximately 260 listings are for nearly identical sandwich cutter products but the listings do not display any of Plaintiff's trademarks.

32.     On information and belief, and based on Plaintiff's investigation, there are no meaningful differences between the Infringing Listings and the other listings other than the use of Plaintiff's UNCRUSTABLES trademark or Uncrustables Design Trademarks.

33.     Through its investigation, Plaintiff discovered that, based on monitoring software estimates, the Infringing Listings generate ***four times*** as much monthly revenue as listings for sandwich cutters that do not use any of Plaintiff's trademarks.

34.     Plaintiff also discovered that the YUMKT Storefront was listing and selling—and continues to list and sell—a high volume of sandwich cutters on Infringing Listings.

35.     Based on Plaintiff's investigation, the YUMKT Storefront lists and sells sandwich cutter products only on Infringing Listings and not on any listings that do not use Plaintiff's trademarks.

36.     Through investigation, Plaintiff identified Defendants as the operators of the YUMKT Storefront and the parties who are responsible for the development, manufacture, and sale of sandwich cutter products through the YUMKT Storefront.

37.     On information and belief, Defendants also develop, manufacture, and distribute sandwich cutters sold by other sellers on Amazon.

38.     Based on Plaintiff's investigation, Defendants list and sell sandwich cutters on more than a dozen Infringing Listings on Amazon.  As an example, below is a screenshot of one of the Infringing Listings on which Defendants sell sandwich cutters:



39.     The Infringing Listings use the UNCRUSTABLES trademark and Uncrustables Design Trademarks multiple times to refer to Plaintiff's Uncrustables sandwiches.  For instance, the "Tribe Glare 5 pcs of 2 sets Bread Sandwich Maker mold-Uncrustables" product listing captured in the screenshot in Paragraph 38 uses the UNCRUSTABLES trademark multiple times in the explanation or description of the sandwich cutter product (including the references highlighted above), and more than thirty times in other ways.

40.     Specifically, as shown in the screenshots below, this Infringing Listing refers to the sandwich cutter as the "[Original Uncrustables]" and the "uncrustables maker," and allows consumers to make their "own homemade uncrustables . . . ."



41.     Likewise, the "Product Description" of another Infringing Listing on which Defendants sell sandwich cutters refers to Defendants' product as the "Uncrustables Sandwich Cutter and Sealer Set," as shown below:

**Product Description**

YUMKT Uncrustables Sandwich Cutter and Sealer Set, Multi Size and Shape Cookie Bread Cutter. Your professional maker! Is your kids get tired of eating normal sandwich? Then get these food cutters and sealers to make your own lovely and healthy sandwich and pie, make your food look extra delicious and fun with beautiful shapes. Safe and Health PP non-toxic materials, 100% free from BPA, lead, PVC, mercury, and phthalates. Top rank dishwasher safe, also easy to wash by hand. Create A Fun Snack! Enjoy quality time with your child by making a fun meal together in the kitchen using our multi-purpose sealer and cutter. Easy to Clean: The sandwiches maker work really good no stick and easy to clean, Cut and seal in one step. Create your favorite Sandwich. Package included: 3 * Square Sandwich cutters. (L size: 3.7in/9.4cm, M size: 2.9inch/7.3cm, S size: 2.6inch/6.6cm) 2 * Square sealers. (L size: 3.5in/8.9cm, S size: 2.8inch/7.1cm)

42.     Additionally, each Infringing Listing on which Defendants have listed or sold products identifies either "YUMKT" or "TRIBE GLARE" as the "Brand" of the sandwich cutter.

43.     Defendant Langzhitu owns the trademark TRIBE GLARE, which was registered with the USPTO in June 2020.

44.    Defendant Langzhitu also owns the trademark YUMKT, which was registered with the USPTO in October 2020.

45.    The registration for the YUMKT trademark is for a word mark with an incorporated design, as shown in the screenshot below from the USPTO website:



46.    This trademark and design are also used on Defendants' YUMKT Storefront page, as shown below:



47.    The trademark registrations for TRIBE GLARE and YUMKT both list the same attorney located in New York as the attorney of record.  Both also list Defendant Langzhitu's business name as the owner name and the Nanchang Address as the owner address.

48.    Based on this information and Plaintiff's investigation, Defendants are responsible for the operation of the YUMKT Storefront.

49.    Based on Plaintiff's investigation, the Tribe Glare Storefront also lists and sells sandwich cutter products only on Infringing Listings and not on any listings that do not use Plaintiff's trademarks.

50.    As an example, the Tribe Glare Storefront also lists and sells sandwich cutter products on the same Infringing Listing discussed in Paragraphs 38-40, as shown in the screenshot below:



51.     Each Infringing Listing on which Defendants have listed or sold sandwich cutter products through the Tribe Glare Storefront identifies either "YUMKT" or "TRIBE GLARE" as the "Brand" of the sandwich cutter.

52.     Based on Plaintiff's investigation, both the Tribe Glare. and YUMKT Storefronts list a Business Address located in the same district in China, sell the same brands of products, sell sandwich cutters only on Infringing Listings, and sell sandwich cutters only on Infringing Listings that identify the brand as either "Tribe Glare" or "YUMKT."  Additionally, Langzhitu owns trademarks that are identical or substantially similar to the Storefronts' names—TRIBE GLARE and YUMKT.

53.     On information and belief, and based on Plaintiff's investigation, Defendants also are responsible for the creation of the Infringing Listings on which they list and sell products, as well as other Infringing Listings.

54. Nearly all sandwich cutter product listings on Amazon identifying the "TRIBE GLARE" or "YUMKT" brands are Infringing Listings.

**Defendants Are Infringing Plaintiff's Trademarks by Advertising and Selling Products on Product Listings Displaying the Trademarks**

55. Defendants' advertisement and sale of sandwich cutters on the Infringing Listings infringes Plaintiff's UNCRUSTABLES trademark and the Uncrustables Design Trademarks.

56. Decades after Plaintiff began using its UNCRUSTABLES trademark and Uncrustables Design Trademarks in interstate commerce in connection with the promotion and sale of its Uncrustables sandwiches, Defendants began using Plaintiff's trademarks in commerce in the United States, as early as August 2022.

57. Plaintiff develops, manufactures, and sells Uncrustables sandwiches under the UNCRUSTABLES trademark and Uncrustables Design Trademarks. Plaintiff does not make or sell sandwich cutters.

58. Based on Plaintiff's investigation and monitoring software estimates, the Infringing Listings generate significantly more revenue over a thirty-day period than listings that do not use Plaintiff's UNCRUSTABLES trademark or Uncrustables Design Trademarks.

59. According to this data, substantially more consumers buy sandwich cutters through product listings that use Plaintiff's UNCRUSTABLES trademark or Uncrustables Design Trademarks than through listings that do not.

60. On information and belief, consumers are more likely to buy sandwich cutter products through the Infringing Listings because the use of Plaintiff's trademarks on the Infringing Listings causes consumers to mistakenly believe that the sandwich cutters originate from or are approved by or affiliated with Plaintiff.

61.     Defendants are exploiting Plaintiff's reputational value, goodwill, and the popularity of Plaintiff's Uncrustables sandwiches and its UNCRUSTABLES trademark and Uncrustables Design Trademarks to capture the attention of consumers, mislead them into believing that Defendants' sandwich cutters originated from or are otherwise connected with Plaintiff, increase consumer traffic to their product listings, and increase their sales of a product that creates a sandwich intended to be nearly identical in appearance to an Uncrustables sandwich.

62.     According to monitoring software that estimates sales revenue from product listings on Amazon, Defendants have sold sandwich cutters on approximately 13 Infringing Listings for revenue exceeding $1 million over a 30-day period.

63.     Defendants are not authorized to use Plaintiff's UNCRUSTABLES trademark or Uncrustables Design Trademarks in any way.

64.     The products Defendants sell do not originate from Plaintiff, and the products they sell are not sponsored by, authorized by, or otherwise connected with Plaintiff.

65.     Defendants are using Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks without Plaintiff's authorization to funnel consumer traffic to Defendants' product listings.

66.     Defendants are using Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks without Plaintiff's authorization to increase their sales of sandwich cutters that do not originate from and are not sponsored by, authorized by, or otherwise connected with Plaintiff.

67.     Through Defendants' advertisement and sale of sandwich cutters on Infringing Listings, Defendants have misled, and continue to mislead, consumers into believing that they are

purchasing sandwich cutters that originate from or are sponsored by, authorized by, or otherwise connected with Plaintiff when, in fact, they are not.

68.     Defendants' actions infringe the UNCRUSTABLES trademark and Uncrustables Design Trademarks and diminish their value.

**Plaintiff Has Suffered Substantial Harm as a Result of Defendants' Conduct**

69.     Plaintiff has suffered, and will continue to suffer, significant monetary harm as a result of Defendants' sales of products on Infringing Listings, including, but not limited to, damage to its intellectual property.

70.     Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendants' actions, including, but not limited to, irreparable harm to its reputation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

71.     Plaintiff is entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to unlawfully use the UNCRUSTABLES trademark and Uncrustables Design Trademarks to sell products, causing continued irreparable harm to Plaintiff's reputation, goodwill, relationships, intellectual property, and brand integrity.

72.     Furthermore, Defendants' conduct was and is knowing, reckless, intentional, willful, malicious, wanton, and contrary to law.

73.     Defendants' willful infringement of the UNCRUSTABLES trademark and Uncrustables Design Trademarks and continued pattern of misconduct demonstrate intent to harm Plaintiff.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. §§ 1114 and 1125(a)(1)(A)

74.     Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

75.     Plaintiff is the owner of the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

76.     Plaintiff has registered the UNCRUSTABLES trademark and Uncrustables Design Trademarks with the United States Patent and Trademark Office.

77.     The UNCRUSTABLES trademark and Uncrustables Design Trademarks are valid and subsisting trademarks in full force and effect.

78.     Through their advertisement and sale of products on product listings displaying the UNCRUSTABLES trademark and Uncrustables Design Trademarks, Defendants willfully and knowingly used, and continue to use, the UNCRUSTABLES trademark and Uncrustables Design Trademarks in interstate commerce.

79.     Plaintiff has not authorized Defendants to use the UNCRUSTABLES trademark or Uncrustables Design Trademarks.

80.     Defendants' use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks in connection with their sale of products is likely to cause confusion, cause mistake, or deceive consumers because it falsely suggests that Defendants' sandwich cutter products originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff when, in fact, they are not.

81.     Based on Plaintiff's investigation into the advertisement and sale of sandwich cutter products on Amazon, product listings that display Plaintiff's UNCRUSTABLES trademark and

Uncrustables Design Trademarks generate significantly more monthly revenue than listings for sandwich cutters that do not use any of Plaintiff's trademarks.

82. Defendants advertise and sell sandwich cutter products exclusively on product listings that display Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks.

83. Defendants' unauthorized use of Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks is likely to confuse and/or has confused a substantial number of consumers into believing that the sandwich cutters they sell originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff.

84. Defendants' unauthorized use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks has infringed upon and materially damaged the value of the UNCRUSTABLES trademark and Uncrustables Design Trademarks, and caused significant damage to Plaintiff's business relations and ability to control the advertising, marketing, and promotion of its brands and products.

85. As a proximate result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm. Plaintiff has also suffered, and continues to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

86. Plaintiff is entitled to recover its damages caused by Defendants' infringement of the UNCRUSTABLES trademark and Uncrustables Design Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

87. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendants' infringement and, unless Defendants are permanently enjoined, Plaintiff will suffer irreparable harm.

88.     Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith infringed on the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

## SECOND CAUSE OF ACTION
### Unfair Competition
### 15 U.S.C. § 1125(a)(1)(A)

89.     Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

90.     Plaintiff is the owner of the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

91.     Plaintiff has registered the UNCRUSTABLES trademark and Uncrustables Design Trademarks with the United States Patent and Trademark Office.

92.     The UNCRUSTABLES trademark and Uncrustables Design Trademarks are valid and subsisting trademarks in full force and effect.

93.     Through their advertisement and sale of products on product listings displaying the UNCRUSTABLES trademark and Uncrustables Design Trademarks, Defendants willfully and knowingly used, and continue to use, the UNCRUSTABLES trademark and Uncrustables Design Trademarks in interstate commerce.

94.     Plaintiff has not authorized Defendants to use the UNCRUSTABLES trademark or Uncrustables Design Trademarks.

95.     Defendants' use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks in connection with their sale of products is likely to cause confusion, cause mistake, or deceive consumers because it falsely suggests that Defendants' sandwich cutter products

originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff when, in fact, they are not.

96.     Based on Plaintiff's investigation into the advertisement and sale of sandwich cutter products on Amazon, product listings that display Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks generate significantly more monthly revenue than listings for sandwich cutters that do not use any of Plaintiff's trademarks.

97.     Defendants advertise and sell sandwich cutter products exclusively on product listings that display Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks.

98.     Defendants' unauthorized use of Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks is likely to confuse and/or has confused a substantial number of consumers into believing that the sandwich cutters it sells originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff.

99.     Defendants' unauthorized use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks has infringed upon and materially damaged the value of the UNCRUSTABLES trademark and Uncrustables Design Trademarks, and caused significant damage to Plaintiff's business relations and ability to control the advertising, marketing, and promotion of its brands and products.

100.    As a proximate result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm.  Plaintiff has also suffered, and continues to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

101.    Defendants' conduct constitutes unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

102. Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendants' unfair competition and, unless Defendants are permanently enjoined, Plaintiff will suffer irreparable harm.

103. Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants willfully, intentionally, maliciously, and in bad faith engaged in unfair competition.

### THIRD CAUSE OF ACTION
**Trademark Dilution**
**15 U.S.C. § 1125(c)**

104. Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

105. Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks are widely recognized by the general consuming public as a designation of the source of Plaintiff's high-quality products. Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks are, therefore, famous marks in accordance with the standard set forth in 15 U.S.C. § 1125(c).

106. After the UNCRUSTABLES trademark and Uncrustables Design Trademarks became famous, Defendants began using the UNCRUSTABLES trademark and Uncrustables Design Trademarks in connection with the sale of sandwich cutter products on Infringing Listings on Amazon.

107. Plaintiff has not authorized Defendants to use the UNCRUSTABLES trademark or Uncrustables Design Trademarks.

108. By reason of Defendants' acts complained of herein, Defendants are diluting, disparaging, and blurring the distinctiveness of the UNCRUSTABLES trademark and

Uncrustables Design Trademarks by lessening the capacity of Plaintiff's famous trademarks to identify and distinguish Plaintiff's products in violation of 15 U.S.C. § 1125(c).

109.    Defendants' continuing acts of dilution have caused, and unless enjoined by this Court, are likely to continue to cause Plaintiff to suffer immediate and irreparable injury.

110.    As a proximate result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, great damage to business relations, ability to control the advertising, marketing, and promotion of its brands and products, goodwill, reputation, and profits in an amount to be proven at trial.

111.    Plaintiff is entitled to recover its damages caused by Defendants' dilution of the UNCRUSTABLES trademark and Uncrustables Design Trademarks and disgorge Defendants' profits from their unlawful sales and unjust enrichment.

112.    Plaintiff is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendants' infringement, and unless Defendants are permanently enjoined, Plaintiff will suffer irreparable harm.

113.    Plaintiff is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Defendants acted willfully, intentionally, maliciously, and in bad faith in damaging Plaintiff's goodwill by diluting the distinctiveness of Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks.

**FOURTH CAUSE OF ACTION**
**Violation of the Illinois Uniform Deceptive Trade Practices Act**
**815 ILCS 510/1 – 510/7**

114.    Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

115. Plaintiff is the owner of the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

116. Plaintiff has registered the UNCRUSTABLES trademark and Uncrustables Design Trademarks with the United States Patent and Trademark Office.

117. The UNCRUSTABLES trademark and Uncrustables Design Trademarks are valid and subsisting trademarks in full force and effect.

118. Defendants willfully and knowingly used, and continue to use, the UNCRUSTABLES trademark and Uncrustables Design Trademarks in interstate commerce through their product listings on Amazon displaying the UNCRUSTABLES trademark and Uncrustables Design Trademarks without Plaintiff's consent for the purpose of advertising, promoting, and selling products.

119. Defendants' advertisements and promotions of products unlawfully using the UNCRUSTABLES trademark and Uncrustables Design Trademarks have been disseminated to the relevant purchasing public.

120. Defendants use the UNCRUSTABLES trademark and Uncrustables Design Trademarks with the intent that consumers will rely on their use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks and believe that the sandwich cutter products they are selling originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff when, in fact, they are not.

121. Plaintiff has not authorized Defendants to use the UNCRUSTABLES trademark and Uncrustables Design Trademarks in any way.

122. Defendants' unauthorized advertisement, promotion, and sale of products on product listings displaying the UNCRUSTABLES trademark and Uncrustables Design

Trademarks are likely to cause confusion, cause mistake, and/or deceive consumers because Defendants' use of the trademarks suggests that Defendants and the products they advertise and sell originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff when, in fact, they are not.

123.    Defendants' unauthorized advertisement, promotion, and sale of products bearing the UNCRUSTABLES trademark and Uncrustables Design Trademarks are likely to cause confusion or misunderstanding among consumers because Defendants' use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks suggests that Defendants and the products they offer for sale are sourced from, sponsored by, approved by, or certified by Plaintiff when, in fact, they are not.

124.    Defendants' unauthorized advertisement, promotion, and sale of products bearing the UNCRUSTABLES trademark and Uncrustables Design Trademarks are likely to cause confusion or misunderstanding among consumers because Defendants' use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks suggests that Defendants and the products they offer for sale are affiliated with, connected with, associated with, or certified by Plaintiff when, in fact, they are not.

125.    Based on Plaintiff's investigation into the advertisement and sale of sandwich cutter products on Amazon, product listings that display Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks generate significantly more monthly revenue than listings for sandwich cutters that do not use any of Plaintiff's trademarks.

126.    Defendants advertise and sell sandwich cutter products exclusively on product listings that display Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks.

127.    Defendants' unauthorized and deceptive use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks is material and likely to influence customers to purchase the products Defendants sell, as consumers are likely to believe that products Defendants advertise using the UNCRUSTABLES trademark and Uncrustables Design Trademarks originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff when, in fact, they are not.

128.    Defendants' unauthorized use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks in advertising and otherwise infringes the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

129.    Defendants' use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks in connection with the unauthorized advertising, promotion, and sale of products bearing the UNCRUSTABLES trademark and Uncrustables Design Trademarks is a deceptive trade practice under 815 ILCS 510/2.  As a result of Defendants' conduct, Plaintiff has suffered, and continues to suffer, immediate, and irreparable harm.

130.    Plaintiff has also suffered, and continues to suffer, damages including, but not limited to, loss of business, diminished goodwill, reputational harm, and decreased profits in an amount to be proven at trial.

131.    Pursuant to 815 ILCS 510/3, Plaintiff is entitled to an injunction enjoining Defendants' unlawful conduct, and an award of attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Common Law Trademark Infringement

132.    Plaintiff hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

133.    This claim arises under the laws of the State of Illinois.

134. Plaintiff is the owner of the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

135. The UNCRUSTABLES trademark and Uncrustables Design Trademarks are valid and subsisting trademarks in full force and effect.

136. The UNCRUSTABLES trademark and Uncrustables Design Trademarks are distinctive and widely recognized by the consuming public.

137. The UNCRUSTABLES trademark and Uncrustables Design Trademarks are widely recognized as a designation of the source of goods marketed, advertised, and sold by Plaintiff.

138. Through their advertisement and sale of products on product listings displaying the UNCRUSTABLES trademark and Uncrustables Design Trademarks, Defendants willfully and knowingly used, and continue to use, the UNCRUSTABLES trademark and Uncrustables Design Trademarks in interstate commerce.

139. Plaintiff has not authorized Defendants to use the UNCRUSTABLES trademark and Uncrustables Design Trademarks.

140. Defendants' use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks in connection with their sale of products is likely to cause confusion, cause mistake, or deceive consumers because it falsely suggests that Defendants' sandwich cutter products originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff, when they, in fact, are not.

141. Based on Plaintiff's investigation into the advertisement and sale of sandwich cutter products on Amazon, product listings that display Plaintiff's UNCRUSTABLES trademark and

Uncrustables Design Trademarks generate significantly more monthly revenue than listings for sandwich cutters that do not use any of Plaintiff's trademarks.

142.    Defendants advertise and sell sandwich cutter products exclusively on product listings that display Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks.

143.    Defendants' unauthorized use of Plaintiff's UNCRUSTABLES trademark and Uncrustables Design Trademarks is likely to confuse and/or has confused a substantial number of consumers into believing that the sandwich cutters it sells originate from, or are sponsored by, authorized by, or otherwise connected with Plaintiff.

144.    Defendants' unauthorized use of the UNCRUSTABLES trademark and Uncrustables Design Trademarks has infringed upon and materially damaged the value of the UNCRUSTABLES trademark and Uncrustables Design Trademarks, and caused significant damage to Plaintiff's business relations and ability to control the advertising, marketing, and promotion of its brands and products.

145.    As a proximate result of Defendants' actions, Plaintiff has suffered, and will continue to suffer, immediate and irreparable harm, as well as damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

146.    Plaintiff is entitled to recover its damages caused by Defendants' infringement of the UNCRUSTABLES trademark and Uncrustables Design Trademarks and disgorge Defendants' profits from their willfully infringing sales and unjust enrichment.

147.    Plaintiff is entitled to recover punitive damages because Defendants have acted with fraud and actual malice, or with such gross negligence as to indicate a wanton disregard of Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.     Judgment in favor of Plaintiff and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, a full accounting of Defendants' profits and disgorgement of those profits, and pre-judgment and post-judgment interest, as permitted by law;

B.     Preliminary and permanent injunctions enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

    i)     Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all products using the UNCRUSTABLES trademark or Uncrustables Design Trademarks;

    ii)     Prohibiting the Enjoined Parties from listing products on any product listings displaying the UNCRUSTABLES trademark or Uncrustables Design Trademarks;

    iii)     Prohibiting the Enjoined Parties from creating any product listings that display the UNCRUSTABLES trademark or Uncrustables Design Trademarks;

    iv)     Prohibiting the Enjoined Parties from using any of the UNCRUSTABLES trademark or Uncrustables Design Trademarks in any manner, including advertising on the Internet;

30

v)      Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them using the UNCRUSTABLES trademark or Uncrustables Design Trademarks, including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records;

vi)     Requiring the Enjoined Parties to produce records sufficient to substantiate the amount of products they have sold using the UNCRUSTABLES trademark or Uncrustables Design Trademarks and the revenue generated from those sales, including invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records; and

vii)    Requiring the Enjoined Parties to take all action, including, but not limited to, requesting all Internet search engines (such as Google, Yahoo, and Bing), to remove from the Internet any uses of the UNCRUSTABLES trademark or Uncrustables Design Trademarks which associate Plaintiff's products or the UNCRUSTABLES trademark or Uncrustables Design Trademarks with the Enjoined Parties or the Enjoined Parties' products or product listings;

C.      An award of attorneys' fees, costs, and expenses; and

D.      Such other and further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: April 5, 2023    Respectfully submitted,

        Vorys, Sater, Seymour and Pease LLP

        */s/ Kimberly A. Beis*
        Kimberly A. Beis (ARDC 6296490)
        For Mailing Only:
        200 Public Square, Suite 1400
        Cleveland, OH 44114
        (312) 858-3123
        (312) 858-3123 (facsimile)
        kabeis@vorys.com

        *Attorney for Plaintiff The J. M. Smucker Company*

Of Counsel:

Martha Brewer Motley (*pro hac vice forthcoming*)
52 East Gay St.
Columbus, OH 43216
(614) 464-5626
(614) 719-5080 (facsimile)
mbmotley@vorys.com

Emma K. Morehart (*pro hac vice forthcoming*)
301 East Fourth St., Ste. 3500
Cincinnati, OH 45202
(513) 723-4036
(513) 852-8466 (facsimile)
ekmorehart@vorys.com