IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE J. M. SMUCKER COMPANY,** an Ohio corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**SHENZHEN LANGZHITU TECHNOLOGY CO., LTD.**, a Chinese corporation, and **JOHN DOES 1-10**, individually or as corporations/business entities,<br><br>　　　　　Defendants. | Case No. 1:23-cv-02148<br><br>Judge Jeffrey I. Cummings<br><br>Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFF THE J. M. SMUCKER COMPANY'S INITIAL STATUS REPORT FOR REASSIGNED CASES**

Plaintiff, The J. M. Smucker Company ("Smucker"), by and through its counsel, hereby submits its Initial Status Report for Reassigned Cases ("Report") pursuant to Your Honor's October 30, 2023 Order. ECF No. 28. Because Defendant Shenzhen Langzhitu Technology Co., Ltd. ("Langzhitu") has defaulted in this action, Smucker submits this Report individually.

**I.　　Nature of the Case**

**A.　　Identify the attorneys of record for each party.**

Kimberly A. Beis (ARDC 6296490) – Counsel for Plaintiff
For Mailing Only:
200 Public Square, Suite 1400
Cleveland, OH 44114
(312) 858-3123
(312) 858-3123 (facsimile)
kabeis@vorys.com

Defendant Langzhitu has defaulted and not entered an appearance of counsel.

**B.     State the basis for federal jurisdiction.**

This Court has federal question subject matter jurisdiction over this matter because Smucker's federal claims are predicated on the Lanham Act, 15 U.S.C. §§ 1114; 1125(a); 1125(a)(1)(A); and 1125(c). This Court has supplemental jurisdiction over Smucker's claims arising under the laws of the State of Illinois because they are substantially related to its federal claims such that they form part of the same case or controversy under U.S. Const. Art. III.

**C.     Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

In its Complaint, Smucker asserted claims of (1) trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); (2) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (3) trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); (4) violation of the Illinois Uniform Deceptive Trade Practices Act; and (5) common law trademark infringement. *See* ECF No. 1, Compl. All of these claims stem from Langzhitu's sale of products through two third-party storefronts on www.amazon.com ("Amazon") on product listings that unlawfully use Smucker's trademarks. Langzhitu has defaulted in this action and therefore not filed counterclaims or affirmative defenses.

**D.     Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

As requested in its Complaint (ECF No. 1) and Motion for Default Judgment filed on October 31, 2023 (ECF No. 29), Smucker seeks a permanent injunction enjoining Langzhitu from advertising or selling products using Smucker's trademarks, using Smucker's trademarks in any manner, and taking related actions. *See* ECF Nos. 1, 29. In addition to injunctive relief, Smucker requests disgorgement of Langzhitu's profits from its sales of products infringing Smucker's trademarks. Based on third-party discovery regarding Langzhitu's profits obtained from

Amazon.com, Inc., and as explained in Smucker's Motion for Default Judgment, Smucker requests damages of $1,556,297.28.

**E.     List the names of any parties who have not yet been served.**

The only named defendant in this case – Langzhitu – has been served. *See* ECF Nos. 8-9.

**II.    Discovery and Pending Motions**

**A.     Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

The only pending motion is Smucker's Motion for Default Judgment, which was filed on October 31, 2023 (ECF No. 29).

**B.     What is the current discovery schedule?**

Because Langzhitu has defaulted, there is currently no discovery schedule.

**C.     Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete and indicate whether the parties anticipate completing discovery by the current deadline.**

Because Langzhitu has defaulted, the only discovery conducted in this case has been Smucker's subpoena for the production of documents, served on non-party Amazon.com, Inc. on August 21, 2023 for information about the volume and revenue of Langzhitu's sales of products infringing Smucker's trademarks that Smucker has used to prove its request for damages in its motion for default judgment.

**D.     Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

This Court permitted Smucker to serve Langzhitu via electronic service of process on June 5, 2023 (ECF No. 8) and entered default against Langzhitu on July 20, 2023 (ECF No. 17). There have been no other substantive rulings issued in the case.

**E.      Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

Smucker filed a motion for default judgment and does not anticipate filing additional motions.

### III.     Trial

**A.      Have any of the parties demanded a jury trial?**

Smucker demanded a jury trial in its complaint.  Langzhitu has defaulted and has not filed an answer to the complaint or counterclaims.

**B.      What is the trial date (if any)?**

Because Langzhitu has defaulted, there has been no trial date set.

**C.      Have the parties filed a final pretrial order?  If so, when?  If not, when is the deadline for the filing?**

Because Langzhitu has defaulted, the parties have not filed a final pretrial order.

**D.      Estimate the number of trial days.**

Because Langzhitu has defaulted, it is difficult to estimate the number of trial days if Langzhitu were to appear and defend itself, but Smucker would estimate 3-5 trial days.

### IV.     Settlement, Referrals, and Consent

**A.      Have any settlement discussions taken place?  If so, what is the status?**

Soon after Smucker filed this action, Langzhitu's U.S. trademark counsel (who is not litigation counsel for Langzhitu in this case) forwarded correspondence from Smucker regarding the case to Langzhitu's email address.  Thereafter, someone using that email address and purporting to represent Langzhitu named "Angel Yuan" ("Angel") contacted Smucker's counsel and engaged in discussion.  In those e-mail exchanges, counsel for Smucker proposed general settlement terms, but the parties did not settle the case, and Langzhitu and Angel stopped

responding to Smucker's counsel's emails once Smucker indicated an intent to move forward with service of the Complaint.

**B.     Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

This case has not been referred to the Magistrate Judge.

**C.     Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

Because Langzhitu has defaulted, Smucker does not request a settlement conference.

**D.     Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment?  Do all parties unanimously consent to that procedure?**

Before filing its motion for default judgment, counsel for Smucker advised Smucker that it may proceed before a Magistrate Judge if the parties unanimously consent.

**V.     Other**

**A.     Is there anything else that the plaintiff(s) wants the Court to know?**

Smucker does not have any additional information to provide to the Court at this time.

**B.     Is there anything else that the defendant(s) wants the Court to know?**

N/A

Dated: November 21, 2023			Respectfully submitted,

						Vorys, Sater, Seymour and Pease LLP
						*/s/ Kimberly A. Beis*
						Kimberly A. Beis (ARDC 6296490)
						For Mailing Only:
						200 Public Square, Suite 1400
						Cleveland, OH 44114
						(312) 858-3123
						(312) 858-3123 (facsimile)
						kabeis@vorys.com
						*Attorney for Plaintiff The J. M. Smucker Company*