IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THE J. M. SMUCKER COMPANY,** an Ohio corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>**SHENZHEN LANGZHITU TECHNOLOGY CO., LTD.**, a Chinese corporation, and **JOHN DOES 1-10**, individually or as corporations/business entities,<br><br>    Defendants. | Case No. 1:23-cv-02148<br><br>Judge Jeffrey I. Cummings |

## JUDGMENT ON DEFAULT AND PERMANENT INJUNCTION

Having considered the Motion for Default Judgment ("Motion") filed by Plaintiff The J. M. Smucker Company ("Plaintiff"), and for good cause shown, it is HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Plaintiff's Motion is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 55(b)(2), default judgment is entered in this matter against Defendant Shenzhen Langzhitu Technology Co., Ltd. on Plaintiff's claims for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) (Count I of the Complaint); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count II); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c) (Count III); violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1-510/7; (Count IV); and common law trademark infringement (Count V).

3. Pursuant to 15 U.S.C. § 1117(a), Plaintiff is awarded damages in the form of Defendant's profits. Having considered the documentary evidence that Plaintiff received from

Amazon.com, Inc. following a properly noticed motion and subpoena under Fed. R. Civ. P. 26(d)(1) and submitted with the Motion for Default Judgment, and after ordering Plaintiff to serve the same on Defendant, who has not filed a response, the Court has determined that Plaintiff is entitled to recover Defendant's profits in the amount of $1,556,297.28 and Defendants are ORDERED to pay the same to Plaintiff.

4. This Judgment also constitutes a permanent injunction. *See* 15 U.S.C. § 1116(a). The injunctive relief provisions of this Judgment apply to Defendant as well as its officers, agents, servants, employees, and all persons or entities in active concert or participation with Defendant or its officers, agents, servants, or employees (collectively, the "Enjoined Parties").

5. Plaintiff owns the following trademarks: UNCRUSTABLES (U.S. Trademark Registration Nos. 2473056 and 6824295); configuration in a round pie-like shape with distinct peripheral undulated crimping (U.S. Trademark Registration No. 2623577)



;

Pictorial representation of a round crustless sandwich (U.S. Trademark Registration No. 2883529)



;

and a two-dimensional pictorial representation of a round crustless sandwich with a bite taken out showing filling on the inside (U.S. Trademark Registration No. 5941408)

1



(collectively, the "Smucker Trademarks").

    6.    The Enjoined Parties are:

    (a)    Prohibited from advertising or selling all products using any of the Smucker Trademarks through **any storefront** on www.amazon.com ("Amazon"), including, **but not limited to**, the Amazon storefront that is currently called "YUMKT" and has a Merchant ID number of ANAFVAHRB22FI and the Amazon storefront that is currently called "Tribe Glare." and has a Merchant ID number of A2QDND68TRGKFJ;

    (b)    Prohibited from advertising or selling all products using any of the Smucker Trademarks through any other medium, via the Internet or otherwise;

    (c)    Prohibited from listing products on any product listings displaying any of the Smucker Trademarks;

    (d)    Prohibited from creating any product listings that display any of the Smucker Trademarks;

    (e)    Prohibited from using any of the Smucker Trademarks in any manner, including advertising on the Internet;

    (f)    Prohibited from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them using any of the Smucker Trademarks, including invoices, correspondence with vendors,

distributors, and customers, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records; and

(g) Required to take all action, including, but not limited to, requesting all online marketplaces (such as Amazon and www.eBay.com) and all Internet search engines (such as Google, Yahoo, and Bing), to remove from the Internet any uses of any of the Smucker Trademarks which associate Plaintiff's products or the Smucker Trademarks with the Enjoined Parties or the Enjoined Parties' products or product listings, including removing any uses of the Smucker Trademarks by the Enjoined Parties as search engine optimization keywords, backend keywords, or any other types of keywords in advertising or product listings.

7. Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: the parties, the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with the parties or the parties' officers, agents, servants, employees, and attorneys.

8. Doe Defendants 1-10 are dismissed from this action with prejudice.

9. This Court shall retain jurisdiction of this matter in law and in equity for the purpose of enforcing and/or adjudicating claims in violation of this Judgment and Permanent Injunction. Any such matters shall be raised by noticed motion.

**IT IS SO ORDERED.**

**SIGNED** and **ENTERED** this 26th day of March 2024.

_____
Hon. Jeffrey I. Cummings
United States District Judge

3